TRUNNELL, guardian, *v.* HARDIE.

HILL, J.   1. The petition sets out a cause of action at law for the recovery of the premises in dispute. This being so, the judge erred in sustaining the general demurrer to the petition.

2. Even if the petition was not sufficiently verified to authorize the judge to grant the equitable relief prayed, this would not be a reason for dismissing the case on demurrer.

*Judgment reversed.   All the Justices concur.*

No. 5654.   JUNE 22, 1927.

Equitable petition. Before Judge Camp. Twiggs superior court. September 4, 1926.

The cause of action, as alleged by the petition of Trunnell as guardian of Mrs. Shannon against Hardie, was, in brief, as follows: Mrs. Shannon owns fifty acres of land described, on which Hardie has resided for a number of years. On December 6, 1922, she sued out a warrant to evict Hardie from this land, and he made a counter-affidavit denying that he held the premises from her or any one under whom she claimed, and denying that the rent claimed by her was due. He executed a bond with Faulk and Chapman as securities, who became insolvent after the acceptance of the bond by the sheriff. Hardie also is insolvent and unable to respond to any judgment. An abstract of Mrs. Shannon's title is attached, and allegations are made showing how she acquired complete title to the land. Soon after the warrant of eviction was issued she became physically and mentally unable to try the case, which remained on the docket; and Hardie has remained in possession of the land. It is worth $100 a year as rent. Hardie has refused to pay the rent for the years 1921 to 1926, inclusive, refuses to surrender possession of the land, and has in many ways

Landlord and Tenant, 36 C. J. p. 611, n. 72, 78 New.
Pleading, 31 Cyc. p. 285, n. 32.

manifested his intention never to surrender possession or pay rent. The prayer is for a receiver to collect the rents, for recovery of the land, and for general relief. To the petition was attached the plaintiff's affidavit that the facts set forth therein, "in so far as they come within his own knowledge, are true, and so far as derived from the knowledge of others he believes them to be true."

The defendant demurred on the grounds that the petition did not set up a cause of action, or any reason why plaintiff was entitled to equitable relief; that the remedy at law was adequate and complete; and that the verification of the petition was not positive, and it was not specified which of the facts alleged were within the plaintiff's knowledge and which were derived from the knowledge of others. The demurrer was sustained, and the plaintiff excepted.

*L. D. Moore* and *J. D. Shannon,* for plaintiff.

*H. F. Griffin Jr.* and *E. L. Stephens,* for defendant.